Filed 6/30/14  P. v. Hernandez CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B251831 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA068221) |
| v. | |
| MARCO ANTONIO MONTOYA HERNANDEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dalila Corral Lyons, Judge.  Appeal dismissed.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Marco Antonio Montoya Hernandez[1] was charged in an amended felony complaint with one count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and two counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1). He pleaded not guilty to all counts.

On August 30, 2010, Hernandez entered a negotiated plea of no contest, orally and in writing, to one count of assault with a deadly weapon.[2] At the time he entered his plea, Hernandez was advised of his constitutional rights to a preliminary hearing and to a jury trial and the nature and consequences of the plea, including immigration consequences, which he stated he understood. Defense counsel joined in the waivers of Hernandez's constitutional rights. The trial court expressly found Hernandez's waivers and plea were voluntary, knowing and intelligent.

In accordance with the plea agreement, on September 10, 2010, the trial court suspended imposition of sentence and placed Hernandez on three years of formal probation, on condition he serve 365 days in county jail. The remaining counts were dismissed as part of the agreement.

On August 15, 2013, Hernandez filed a motion in propria persona to vacate his plea, which he acknowledged was a petition for writ of error coram nobis. Hernandez argued defense counsel denied him effective assistance by failing to research the immigration consequences of his plea and to achieve a negotiated agreement that would minimize the adverse consequences of his plea. Hernandez also contended the trial court failed to admonish him of the immigration consequences of his plea. In his declaration in support of his petition, Martinez asserted he was currently in federal custody awaiting

---

**1** The record shows Hernandez's name as "Marco Antonio Montoya Hernandez" and "Marco Antonio Montoya." Hernandez uses both names in documents filed in the trial court.

**2** The record on appeal does not contain a reporter's transcript of the plea or sentencing hearings. The minute orders of the two hearings and a "felony advisement of rights, waiver, and plea form," which was initialed and signed by Hernandez, are part of the clerk's transcript.

2

deportation proceedings. On September 23, 2010, the trial court summarily denied the motion to vacate the plea.

Hernandez filed a timely notice of appeal from the denial of his motion to vacate the plea, arguing defense counsel rendered ineffective assistance by failing to inform him of the immigration consequences of his plea. We appointed counsel to represent Hernandez on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On March 10, 2014, we advised Hernandez he had 30 days in which to personally submit any contentions or issues he wished us to consider. No response has been received.

We have examined the record and are satisfied Hernandez's attorney has fully complied with the responsibilities of counsel, and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

Whether or not Hernandez's counsel provided ineffective assistance, that claim is not cognizable on coram nobis.[3] (*People v. Villa* (2009) 45 Cal.4th 1063; 1076; *People v. Kim* (2009) 45 Cal.4th 1078, 1095.) Because the motion, properly considered a petition for writ of coram nobis, failed to state a prima facie case for relief, we dismiss the appeal.

**DISPOSITION**

The appeal is dismissed.

ZELON, J.

We concur:

PERLUSS, P. J.                                        WOODS, J.

---

**3**      Significantly, the plea form notes the following, "I have advised the defendant according to the United States Supreme Court [sic] *Padilla v. Kentucky* (130 S.Ct. 1473.)" and is signed and dated by defense counsel.